**Ex parte MURPHY.**

No. 362.

District Court, E. D. Wisconsin.

Nov. 13, 1940.

Dan W. McCluskey and Jacob Geffs, both of Janesville, Wis., for petitioner.

Thomas E. McDougal, Dist. Atty., of Antigo, Wis., for respondent.

DUFFY, District Judge.

This matter is before the court upon the hearing of an order to show cause why a writ of habeas corpus should not be issued to John C. Burke, General Warden and Superintendent of the Wisconsin State Prison, upon the petition of Ben Murphy who is now an inmate of said prison.

Murphy was sentenced to State Prison for a term of from one to ten years upon the charge of breaking and entering in the nighttime; and for a period of from one to two years upon the charge of possession of burglarious tools, this sentence to commence at the expiration of the sentence for breaking and entering.

The complaint for criminal warrant was filed in the Lower Municipal Branch of the County Court for Langlade County on December 18, 1939. The defendant, who had been apprehended in the act of committing burglary, was in court. The complaint was read to him and the defendant entered a plea of not guilty. A hearing was set for December 19, 1939, at 9 A.M. The defendant filed a written document asking for the appointment of Vernon J. McHale as his attorney. This document, apparently prepared by Murphy, was in the form of a legal document and contained a citation of a United States Supreme Court case. The defendant was committed to the county jail in default of bail.

On December 19, the case was called before the Lower Municipal Branch of the County Court of Langlade County; and on motion of the District Attorney the case was continued to December 20, 1939, at 9 A.M. However, on December 19, at 2 P.M., the defendant appeared in court, changed his plea from not guilty to guilty, and was bound over to the Upper Municipal Branch of the County Court, to be arraigned immediately. In the Upper Branch of said Municipal Court a stenographic reporter was present, and a detailed account of the proceedings is a part of the record. The following occurred:

"Information read by District Attorney.

"By the Court: Mr. Murphy, you have heard the reading of the information, do you understand what these charges are that are against you? Answer: Yes sir, your Honor.

474

"Question: What do you say as to the charges, are you guilty, or not guilty? Answer: Your Honor, it appears most everybody has deserted me. My attorneys deserted me this morning and I can't see my way clear. The only thing I can do right now is to enter a plea. * * *"

After a rather long statement by Mr. Murphy, the following appears:

"By the Court—(Question): As I understand then, your plea is guilty to both of these charges, is that correct? Answer: That is correct, sir."

At the end of the proceeding, after Mr. Murphy had questioned the court as to the effect of the sentence which had been imposed, Murphy said, "I realize the court has a duty to perform to the public as well as anyone else and there isn't anything more I can say. I understand I could have got more time and I really appreciate the court was that much lenient with me and I thank your Honor."

Application for a writ of habeas corpus was made to the Supreme Court of Wisconsin upon behalf of Murphy, and that court denied said application under date of September 24, 1940.

The proceeding here by an order to show cause, while somewhat unusual, is in effect asking for leave to file the petition for a writ of habeas corpus. As the proceedings before the trial court were taken down and transcribed by a shorthand reporter, there would be nothing additional that could be added to the record as to what transpired before the State court. The cause has been argued here upon the merits.

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

Petitioner relies largely upon the case of Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461. The defendant in that case was charged with crime in a federal court. It was there held that if the accused was not represented by counsel and had not intelligently waived his constitutional right, the Sixth Amendment stood as a jurisdictional bar to a valid conviction and sentence, and that the ques-

tion whether the assistance of counsel was intelligently waived by the prisoner at his trial may be determined in a habeas corpus proceeding. The court in that case specifically referred to criminal proceedings in federal court (304 U.S. at page 463, 58 S.Ct. at page 1022, 82 L.Ed. 1461): "The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel."

▆▆▆ The State court here had jurisdiction of both the cause and the person, but the jurisdiction of a court may be lost during the course of the proceedings if counsel is not provided for an accused who is unable to obtain counsel and who has not intelligently waived this constitutional guarantee. If this requirement of the Sixth Amendment is not complied with, the court has no jurisdiction to proceed. Johnson v. Zerbst, supra, 304 U.S. at page 468, 58 S.Ct. 1019, 82 L.Ed. 1461. However, as the court pointed out in the same case, 304 U.S. at page 464, 58 S.Ct. at page 1023, 82 L.Ed. 1461, "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

Federal courts have and should exercise great caution in granting the extraordinary writ of habeas corpus where the petitioner has been denied such relief by the State courts. Jones v. Commonwealth of Kentucky, 6 Cir., 97 F.2d 335.

▆▆▆ Assuming that the rule laid down in Jones v. Zerbst, supra, applies with full force and effect to a criminal prosecution in a State court, an examination of the proceedings convinces me that the defendant intelligently and understandingly waived his right to further assistance by counsel. It clearly appears from Mr. Murphy's own statement that he had conferred with counsel. It is further apparent from the record that he was well acquainted with the legal procedure with which he was confronted. Under the circumstances the application to file the petition for the writ will be denied.